1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| MATTHEW A. LUKE, | |
|---|---|
| Plaintiff, | CASE NO. 12-cv-05097 JRC |
| v. | ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. (*See also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 7.) This matter is before the Court on defendant's Stipulated Motion to Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (ECF No. 17).

After reviewing defendant's stipulated motion and the relevant record, the Court denies without prejudice defendant's motion.

ORDER DENYING WITHOUT
PREJUDICE DEFENDANT'S MOTION
TO REMAND PURSUANT TO
SENTENCE SIX OF 42 U.S.C. § 405(g) - 1

## PROCEDURAL HISTORY

In February, 2012, plaintiff, MATTHEW A. LUKE, filed a complaint in this Court seeking judicial review of the final agency decision denying his Social Security applications (*see* ECF Nos. 1, 3). On April 16, 2012, defendant filed an Answer and the sealed administrative transcript regarding this matter (*see* ECF Nos. 8-10). On July 11, 2012, after this matter was stayed so that defendant could locate a missing transcript from an administrative hearing, defendant filed a stipulated motion, indicating that the missing transcript "could not be located and, thus, a supplemental certified administrative record could not be prepared" (*see* ECF No. 17).

Defendant contends that as a consequence, the Appeals Council will remand this matter to an administrative law judge so that the administrative record can be reconstructed, a *de novo* hearing can be held and a new decision can be issued (*see id.*, p. 2). Defendant indicates that this "Court will maintain jurisdiction over the case" (*id.*, p. 1). Defendant informs the Court that the parties "hereby stipulate that this case be remanded pursuant to sentence six of 42 U.S.C. 405(g)" (*id.*).

## STANDARD OF REVIEW

According to the Supreme Court, when the court reviews "final agency decisions on Social Security benefits, the exclusive methods by which district courts may remand to the Secretary are set forth in sentence four and sentence six of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993). Sentence six of 42 U.S.C. § 405(g) provides as follows:

> The [district] court may, *on motion of the Secretary made for good cause shown before he files his answer*, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

    and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

42 U.S.C. § 405(g) (emphasis added).

As noted by the Supreme Court, "[s]entence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Schaefer, supra*, 509 U.S. at 297 n.2. (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991); *cf. Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).

## DISCUSSION

Since defendant filed his stipulated motion *after* filing his answer and as the evidence not currently in the record is evidence that was before the agency, the Court does not have the authority to remand pursuant to sentence six, as indicated by the explicit text of the statute. *See* 42 U.S.C. § 405(g) (sentence six); *Schaefer, supra*, 509 U.S. at 297 n.2 (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan, supra*, 501 U.S. at 99-100; *cf. Finkelstein*, *supra*, 496 U.S. at 626).

If a remand of this matter now only is authorized pursuant to sentence four of 42 U.S.C. § 405(g), and this Court nevertheless remands with a retention of jurisdiction as requested by defendant (*see* ECF No. 17, p. 1), "that failure to terminate the case [would be] error." *See Schaefer, supra*, 509 U.S. at 299 (discussing a case in which a district court had remanded with "a sentence-four remand that the District Court had improperly (but without objection) treated like a sentence-six remand," by retaining jurisdiction) (*discussing Sullivan v. Hudson*, 490 U.S. 877 (1989)).

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g) - 3

## CONCLUSION

Defendant's motion to remand pursuant to sentence six of 42 U.S.C. § 405(g) is **DENIED** without prejudice.

Dated this 27th day of July, 2012.

*(signature)*

J. Richard Creatura
United States Magistrate Judge

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g) - 4